KYOCERA WIRELESS CORPORATION, Appellant,

and

AT & T Mobility LLC, Appellant,

v.

INTERNATIONAL TRADE COMMISSION, Appellee.

In re AT & T Mobility LLC, Petitioner.

Nos. 2008–1301, 2008–1302. Misc. No. 873.

United States Court of Appeals, Federal Circuit.

April 17, 2008.

Before NEWMAN, LOURIE, and BRYSON, Circuit Judges.

## ON MOTION AND PETITION FOR WRIT OF MANDAMUS

BRYSON, Circuit Judge.

### ORDER

AT & T Mobility LLC (ATTM) (1) petitions for a writ of mandamus compelling the International Trade Commission (ITC) to rule immediately on ATTM's petition for review of Order No. 62, which denied ATTM's motion for leave to intervene, (2) moves for a stay, pending appeal, of enforcement proceedings before the ITC, (3) moves for a stay, pending the mandamus petition, of enforcement proceedings before the ITC until two business days after ATTM receives notice of the ITC disposition of ATTM's petition for review, and (4) moves to expedite briefing and oral argument.

The ITC initiated an investigation and determined that certain baseband processor chipsets made by Qualcomm Incorporated violate Broadcom Corporation's patent. Qualcomm subsequently developed redesigned chipsets. In response to a complaint filed by Broadcom, the ITC instituted an enforcement proceeding concerning the redesigned chipsets. ATTM and several other companies moved for leave to intervene in the enforcement proceeding. The administrative law judge (ALJ) denied the motions. ATTM petitioned the ITC for review of the ALJ's order and requested that the ITC stay proceedings pending review. ATTM states that the ITC has not yet ruled on its petition for review. On April 16, 2008, ATTM appealed the ALJ's order denying its motion for leave to intervene and filed a petition for a writ of mandamus directing the ITC to rule on its petition for review no later than April 18, 2008. ATTM further requests that the court stay the ITC proceedings pending appeal and pending the mandamus petition.

Essentially, ATTM's motions to stay request that the court enjoin the ITC from proceeding in the underlying case. The court is satisfied that ATTM has not made a showing sufficient to justify that extraordinary relief. Furthermore, the court determines that ATTM has not shown that mandamus relief is warranted.

ATTM's motion to expedite is premised on the court granting the motion to stay the ITC's enforcement proceedings. Because the court denies that motion, expediting this appeal is not warranted. ATTM may, of course, self-expedite by filing its briefs prior to the due date.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is denied.

(2) The motion for a stay, pending disposition of the mandamus petition, is denied.

(3) The motion for a stay, pending appeal, is denied.

(4) The motion to expedite is denied.